# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

IN RE:                              )
                                    )          Chapter 7
**NAHABET CIMENIAN,**               )          Case No. 21-20053
                                    )
        Debtor.                     )

## ORDER DENYING MOTION FOR RELIEF
## FROM STAY FILED BY RICHARD W. GANNETT

On December 21, 2021, Richard W. Gannett filed a pleading titled "Motion for Relief from Automatic Stay, or in the alternative, for Determination that Automatic Stay does not Operate to Bar Motion in Civil Action in Massachusetts Superior Court Seeking to Alter or Amend a Judgment."  (Docket Entry ("D.E.") 136).  Origen Washington, LLC, debtor Nahabet Cimenian and chapter 7 trustee Jeffrey T. Piampiano objected to the relief sought by Mr. Gannett.  (D.E. 148, 154, 155).  A hearing on Mr. Gannett's motion for relief from stay was held on February 8, 2022.  After consideration of the motion, the objections and the arguments presented in court on February 8, 2022, Mr. Gannett's motion for relief from the automatic stay is **DENIED**.

To the extent that Mr. Gannett seeks relief from the automatic stay for the purpose of revisiting the judgment of dismissal issued by the court in <u>Gallatin River Valley, LLC v. Hahabet Cimenian</u>, Docket No. 1684 CV 1472 (Mass. Supp., Suffolk County) (the "Massachusetts State Court Action") or to pursue alleged claims against Origen Washington, LLC or Webster Bank, the automatic stay of 11 U.S.C. § 362 is not implicated and therefore no relief from it is necessary.  Generally, the stay prohibits actions against the debtor and property of the

bankruptcy estate.  11 U.S.C. § 362(a); Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1, 7 (1st Cir. 2003); Austin v. Unarco Indus., Inc., 705 F.2d 1, 4 (1st Cir. 1983); Raudonis v. RealtyShares, Inc., 507 F. Supp. 3d 378, 381 (D. Mass. 2020).  Only in rare circumstances can a non-debtor claim protection under 11 U.S.C. § 362(a) and none of those circumstances are present in the Massachusetts State Court Action. In re Slabicki, 466 B.R. 572, 580 (B.A.P. 1st Cir. 2012).  Since 11 U.S.C. § 362(a) does not apply, there is no need to grant relief from it.

The court is aware that in certain circumstances parties seek "comfort orders" confirming that the automatic stay has been terminated, no longer applies, or never existed.  See, Samuels, 2019 WL 1012526, at *2 (B.A.P. 1st Cir. Feb. 28, 2019).  Courts have great discretion in entering comfort orders and though the statutory source for their issuance is commonly found under 11 U.S.C. § 362(j), which does not apply here, it also exists in 11 U.S.C. § 105. In re Ross, 2019 WL 480269, at *2 (Bankr. N.D. Miss. Feb. 6, 2019). This court already issued a comfort order on March 24, 2021 at Docket No. 34 lifting the automatic stay, to the extent it was implicated, if at all, to allow litigation in the Massachusetts State Court Action to proceed in connection with all matters that do not concern the debtor or property of his bankruptcy estate. A second comfort order would be both extraneous and inappropriate at this time.


Dated:  February 8, 2022                              /s/ Peter G. Cary
                                                    Judge Peter G. Cary
                                                    United States Bankruptcy Court
                                                    for the District of Maine